IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |
| | § | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § | Adv. Pro. No. 25-_____ (CML) |
| | § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| Dext Capital LLC, | § § | |
| Defendant. | § § § | |

**COMPLAINT TO (I) AVOID AND RECOVER AVOIDABLE
TRANSFER(S) AND (II) DISALLOW CLAIMS**

Steward Health Care System LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (each, a "Debtor," and collectively, the "Debtors" or the "Plaintiffs"), by their attorneys, Togut, Segal & Segal LLP, hereby submit this complaint (the "Complaint") to avoid and recover certain transfers made by the Debtors, as set forth on **Exhibit A**, to or for the benefit of the above-captioned defendant (the "Defendant"), and allege the following facts and claims upon information and belief based on reasonable due diligence in the circumstances of the Debtors' cases and the documents and information presently available:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

## SUMMARY OF THE ACTION

1. Plaintiffs seek a money judgment relating to one or more avoidable transfers (the "Avoidable Transfer(s)") identified on **Exhibit A,** attached hereto and incorporated by reference as if set forth herein, that was made by the Debtors to or for the benefit of Defendant during the ninety (90) day period preceding the commencement of the Debtors' bankruptcy cases (the "Preference Period").

2. Plaintiffs seek entry of a judgment against Defendant: (i) avoiding (a) pursuant to 11 U.S.C. (the "Bankruptcy Code") § 547(b), any preferential transfer to or for the benefit of the Defendant, or, in the alternative, subject to proof; (b) pursuant to Bankruptcy Code § 548(a)(1)(B), any transfer that may have been a fraudulent transfer; (ii) pursuant to Bankruptcy Code § 550(a), directing Defendant to pay to the Debtors an amount to be determined at trial that is not less than the amount of the Avoidable Transfer(s), plus interest and costs; and (iii) pending such payment, disallowing any claim of Defendant against the Debtors pursuant to Bankruptcy Code § 502(a)–(j).

3. To the extent that Defendant has filed a proof of claim in the Debtors' cases or has otherwise requested payment from the Debtors' estates (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Debtors' rights to object to such Claims for any reason including, but not limited to, section 502 of the Bankruptcy Code, and such rights are expressly reserved.

## THE PARTIES

4. Plaintiffs are the debtors-in-possession in the above-captioned chapter 11 cases. The Debtors are authorized to continue to operate their business and

manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As set forth below, the Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are not substantively consolidated.

5. Defendant has a business address at 5500 Meadows Road, Suite 300, Lake Oswego, OR 97035.

## JURISDICTION AND VENUE

6. The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court" or the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

7. This adversary proceeding is commenced pursuant to sections 105(a), 502, 547, 548, 550, and 551 of the Bankruptcy Code;  Bankruptcy Rules 3007, 6009, and 7001;  and Rule 7008-1 of the Bankruptcy Court's Local Rules.

8. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H), and (O), and this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment.  In the event that this Court or any other Court finds any part of this adversary proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because the relief sought herein relates to the Debtors' bankruptcy cases and will have a material impact on the administration of the Debtors' estates.

9. Plaintiffs consent to entry of final orders and judgments by this Court in this adversary proceeding pursuant to Bankruptcy Rule 7008.  Plaintiffs also

3

consent to entry of final orders or judgment by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

10. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises in and is related to the Debtors' bankruptcy cases pending in this Court.

## FACTUAL ALLEGATIONS

A. **The Debtors' Bankruptcy Cases**

11. On May 6, 2024 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12. On May 16, 2024, the United States Trustee for Region 7 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

13. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

14. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 cases is set forth in the *Declaration of John R. Castellano in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 38] (the "First Day Declaration"),[2] filed on the Petition Date and incorporated herein by reference.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

4

B. **The Avoidable Transfer(s)**

15. Between July 9, 2024 and July 12, 2024, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs [Docket Nos. 1192-1219, 1221-1526, 1583, 1637]. *See also* Docket Nos. 1584, 2840 (amendments).

16. During the Preference Period, the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier's checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including Defendant.

17. During the course of their relationship, the Debtors and Defendant entered into agreements, evidenced by invoices, communications and other documents, pursuant to which the Debtors and Defendant conducted business with one another.

18. Plaintiffs seek to avoid all of the transfers of an interest in any of the Debtors' property made by the Debtor to Defendant during the Preference Period.

19. During the course of this proceeding, the Debtors may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that are otherwise avoidable. It is Plaintiffs' intention to avoid and recover all transfers made by any Debtor of an interest in property of the Debtors to or for the benefit of Defendant.

20. To the extent that the Debtors' records do not accurately identify all transfers made by the Debtors of an interest in the Debtors' property, including but not limited to any transfers that cleared post-petition, Plaintiffs reserve their right to amend this Complaint to include: (i) further information regarding the Avoidable Transfers; (ii) additional transfers; (iii) modifications of and/or revision of the Defendant's name

or identity; (iv) additional defendants; and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiffs at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

### COUNT I – TO AVOID PREFERENTIAL TRANSFER(S) PURSUANT TO 11 U.S.C. § 547(b)

21. Plaintiffs repeat, reiterate, and reallege each of the foregoing allegations of this Complaint as if fully set forth herein.

22. During the Preference Period, the Debtors made the Avoidable Transfer(s) to, or for the benefit of, Defendant in the amounts set forth on **Exhibit A**, which is incorporated by reference as if fully set forth herein.

23. During the Preference Period and at the time of the Avoidable Transfer(s), Defendant was a creditor of the Debtors within the meaning of section 547(b)(1) of the Bankruptcy Code by virtue of supplying goods, services and/or loans for which the Debtors were obligated to make payment.

24. According to the Debtors' books and records, and after reasonable due diligence, including, but not limited to, the service of a demand letter to Defendant, the Avoidable Transfer(s) were made to, or for the benefit of, Defendant because the Avoidable Transfer(s) either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

25. The Debtors, with their professional advisors, reviewed their books and records to determine whether certain pre-petition transfers qualified as preferential or fraudulent transfers and to evaluate reasonably knowable affirmative defenses available to Defendant. The Debtors also reviewed, among other things, proofs of claim filed by the Debtors' creditors and other reasonably available information. Based upon

such review, the Debtors have determined that the Avoidable Transfer(s) are subject to avoidance and recovery.

26. The Debtor that owed the antecedent debt (as listed on **Exhibit A**, which is incorporated by reference as if fully set forth herein) caused the Avoidable Transfer(s) to be made. The Avoidable Transfer(s) were made from funds in an account maintained by Debtor Steward Health Care System LLC, and as such, was a transfer of an interest in property of the Debtors.

27. The Avoidable Transfer(s) were made while the Debtors were insolvent. The Debtors are entitled to the presumption of insolvency for the Avoidable Transfer(s) made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

28. Further, the Debtors' liabilities exceeded the value of the Debtors' assets during the Preference Period, as evidenced by, among other things: (i) the Petition; (ii) the Schedules; and (iii) the proofs of claim that have been filed against the Debtors' estates.

29. Plaintiffs estimate that Debtors' general unsecured creditors will receive less than full value on account of their allowed claims against the Debtors' estates.

30. The Avoidable Transfer(s) were made during the Preference Period.

31. The Avoidable Transfer(s) enabled Defendant to receive more than it would receive if (i) the Debtor's case was under chapter 7 of the Bankruptcy Code, (ii) the Avoidable Transfer(s) had not been made, and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

32. Defendant was either the initial transferee of the Avoidable Transfer(s), the entity for whose benefit the Avoidable Transfer(s) were made, or the immediate or mediate transferee of the initial transferee of the Avoidable Transfer(s).

33. By reason of the foregoing, the Avoidable Transfer(s) should be avoided and set aside as preferential transfer(s) pursuant to section 547(b) of the Bankruptcy Code.

### COUNT II – TO AVOID FRAUDULENT TRANSFER(S) PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

34. Plaintiffs repeat, reiterate, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

35. The Avoidable Transfer(s) were made from funds in an account maintained by Debtor Steward Health Care System LLC, and as such, was a transfer of an interest in property of the Debtors.

36. The Avoidable Transfer(s) were made within two (2) years prior to the Petition Date.

37. The Avoidable Transfer(s) were made to, or for the benefit of, the Defendant.

38. Subject to proof, Plaintiffs plead, in the alternative, that to the extent that Defendant demonstrates that the Avoidable Transfer(s) were not on account of an antecedent debt owed by the Debtors, were not prepayments for goods and/or services, or otherwise do not qualify as preferential transfers within section 547(b) of the Bankruptcy Code, the Debtors did not receive reasonably equivalent value in exchange for the Avoidable Transfer(s) because (i) the value of the services and/or goods received was less than reasonably equivalent value in exchange for the Avoidable Transfer(s), and (ii) the Debtors: (a) were insolvent at the time of the Avoidable

Transfer(s) or became insolvent as a result of the Avoidable Transfer(s); (b) were engaged in business or a transaction for which any property remaining with the Debtor was unreasonably small capital at the time of, or as a result of, the Avoidable Transfer(s); or (c) intended to incur, or believed that it would incur, debts that would be beyond the Debtors' ability to pay as such debts matured (the "Avoidable Fraudulent Transfer(s)").

39. By reason of the foregoing, the Avoidable Transfer(s) should be avoided and set aside as a fraudulent transfer pursuant to section 548 of the Bankruptcy Code.

### COUNT III – TO RECOVER AVOIDABLE TRANSFER(S) PURSUANT TO 11 U.S.C. § 550

40. Plaintiffs repeat, reiterate, and reallege each of the foregoing allegations of this Complaint as if fully set forth herein.

41. Plaintiffs are entitled to avoid the Avoidable Transfer(s) pursuant to section 547(b) of the Bankruptcy Code, or, alternatively, the Avoidable Fraudulent Transfer(s) (together, the "Transfer(s)") pursuant to section 548 of the Bankruptcy Code.

42. Defendant was the initial transferee of the Transfer(s), the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfer(s) were made.

43. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiffs are entitled to recover from Defendant an amount to be determined at trial that is not less than the total value of the Transfer(s), including the amount of the Transfer(s), interest thereon accruing from the date of demand for return of the transferred property to the date of recovery by Plaintiffs, plus the costs of prosecuting this action.

## COUNT IV - TO DISALLOW
## CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

44. Plaintiffs repeat, reiterate, and reallege each of the foregoing allegations of this Complaint as if fully set forth herein.

45. Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code.

46. Defendant was the initial transferee of the Transfer(s), the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfer(s) were made.

47. Defendant has not paid to Plaintiffs the value of the Transfer(s), or turned over such property to Plaintiffs, for which Defendant is liable under section 550 of the Bankruptcy Code.

48. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee(s) against the Debtors' estates or the Debtors must be disallowed until such time as Defendant pays to Plaintiffs all amounts sought herein.

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that this Court enter judgment against Defendant:

   a) avoiding the Avoidable Transfer(s) pursuant to section 547(b) of the Bankruptcy Code, or, in the alternative, pursuant to section 548 of the Bankruptcy Code;

   b) pursuant to section 550(a) of the Bankruptcy Code, directing Defendant to pay to Plaintiffs an amount to be determined at trial that is not less than the full value of the Transfer(s);

   c) disallowing any Claim of Defendant against the Debtors pursuant to section 502(d) of the Bankruptcy Code;

   d) awarding post-judgment interest at the maximum legal rate running from the date of the judgment with respect to this

  Complaint (the "<u>Judgment</u>") until the date the Judgment is paid in full, plus costs;

e) awarding prejudgment interest at the maximum legal rate running from the date of demand for return of the transferred property to the date of the Judgment, plus costs;

f) requiring Defendant to pay forthwith the amount of the Judgment, interest, and costs; and

g) granting Plaintiffs such other and further relief as the Court deems just and proper.

*[concluded on the following page]*

Dated: July 14, 2025
       Houston, Texas

                                        Respectfully submitted,

                                        */s/ Brian F. Moore*
                                        TOGUT, SEGAL & SEGAL LLP
                                        Albert Togut (admitted *pro hac vice*)
                                        Frank A. Oswald (admitted *pro hac vice*)
                                        Brian F. Moore (admitted *pro hac vice*)
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        Telephone: (212) 594-5000

                                        *Special Counsel to the Debtors*
                                        *and Debtors in Possession*

                                        -and-

                                        */s/ Clifford W. Carlson*
                                        WEIL, GOTSHAL & MANGES LLP
                                        Gabriel A. Morgan (24125891)
                                        Clifford W. Carlson (24090024)
                                        Stephanie N. Morrison (24126930)
                                        700 Louisiana Street, Suite 3700
                                        Houston, Texas 77002
                                        Telephone: (713) 546-5000
                                        Facsimile:  (713) 224-9511
                                        Email:  Gabriel.Morgan@weil.com
                                                        Clifford.Carlson@weil.com
                                                        Stephanie.Morrison@weil.com

                                        *Attorneys for Debtors*
                                        *and Debtors in Possession*

<u>Exhibit A</u>

Schedule of Transfers to

DEXT CAPITAL LLC

| **Debtor Transferor** | **Invoice Date** | **Invoice Number** | **Invoice Amount** | **Payment Date** | **Check Number** | **Total Check Amount** |
|---|---|---|---|---|---|---|
| Steward Melbourne Hospital, Inc. | 2023-12-27 | 119083 | $15,301.61 | 2024-03-01 | 745346 | $15,301.61 |
| Steward Melbourne Hospital, Inc. | 2024-01-29 | 125180 | $15,301.61 | 2024-03-14 | 745428 | $15,301.61 |
| Mountain Vista Medical Center, LP | 2023-08-09 | 91715 | $2,630.71 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2024-02-07 | 128127 | $2,730.91 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-07-10 | 86874 | $2,614.37 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-10-09 | 101662 | $2,663.69 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-11-08 | 107747 | $2,680.34 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2024-01-09 | 122194 | $3,371.01 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-09-11 | 97187 | $2,647.15 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-12-11 | 113371 | $2,697.09 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2024-02-07 | 128127 | $258.35 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-09-11 | 97187 | $465.51 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-08-09 | 91715 | $481.95 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-12-11 | 113371 | $258.35 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-12-11 | 113371 | $415.57 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-07-10 | 86874 | $498.29 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-10-09 | 101662 | $448.97 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-08-09 | 91715 | $258.35 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-11-08 | 107747 | $432.32 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-07-10 | 86874 | $258.35 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-11-08 | 107747 | $258.35 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2024-02-07 | 128127 | $381.75 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-10-09 | 101662 | $258.35 | 2024-04-16 | 3098038 | $26,968.08 |
| Mountain Vista Medical Center, LP | 2023-09-11 | 97187 | $258.35 | 2024-04-16 | 3098038 | $26,968.08 |
| Steward Melbourne Hospital, Inc. | 2023-12-27 | 118996 | $10,670.05 | 2024-03-14 | 3094226 | $11,416.95 |
| Steward Melbourne Hospital, Inc. | 2023-12-27 | 118996 | $746.90 | 2024-03-14 | 3094226 | $11,416.95 |

**Total:** **$68,988.25**